**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 97-CR-60039-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **MANUEL DAVID HERNANDEZ** | **MAG. JUDGE CAROL B. WHITEHURST** |

**RULING**

Pending before the Court is Defendant Manuel David Hernandez's ("Hernandez") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. Nos. 157 and 166], pursuant to the mandate issued herein by the Fifth Circuit on August 12, 2016. The motion is fully briefed, and the Court is prepared to rule.

**I. FACTS AND PROCEDURAL HISTORY**

On October 14, 1997, Hernandez was indicted on three counts of bank robbery by force and violence, in violation of 18 U.S.C. §§ 2113(a) and (d) (Counts 1, 4, and 7); three counts of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 2, 5, and 8); and three counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Counts 3, 6, and 9). On February 5, 1998, a jury convicted Hernandez on all counts of the Indictment.

The Pre-Sentence Investigation Report ("PSR"), released on March 4, 1998, calculated a separate "group" for each of the armed bank robberies, and for each instance of Hernandez's illegal use and carrying of a firearm during and in relation to those robberies. Considering all of those groups, the PSR recommended a total offense level of 33. However, in light of a finding the defendant qualified for sentencing as a career offender, the PSR determined a higher base offense level of 34 applied. The PSR noted that same base offense—34—was similarly

applicable because the defendant qualified as an "armed career criminal" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

With regard to his criminal history, Hernandez was assessed nine criminal history points for three adult criminal convictions: two armed robbery convictions and one conviction for 21 residential burglaries, all in violation of Illinois law.[1] Two points were added because he committed the instant offense while on parole, and an additional point was added because he committed the instant offense less than two years after his release from custody, resulting in a total of 12 criminal history points. While that score would typically correlate to a Criminal History Category V, because Hernandez was subject to the career offender provisions and armed career criminal provisions, he was automatically categorized as a Category VI offender.

Hernandez's offense level of 34 and his Criminal History Category VI correlated to a then-mandatory guideline range of 262-327 months imprisonment on the bank robbery and felon-in-possession counts. On the three § 924(c) counts, his guideline range was the statutorily-mandated penalty: 60 months for his first conviction, and 240 months (20 years) for each of his subsequent convictions, all to be served consecutively to each other, and to the sentences imposed on the other counts.

On August 11, 1998, Hernandez was sentenced to a total of 867 months as follows: 300 months each on two of the bank robbery convictions (concurrent with each other), and 27 months on the third bank robbery conviction (consecutive to the other bank robbery sentences), for a total sentence of 327 months on the three bank robbery counts; 180 months on each of the felon-in-possession counts (concurrent with each other, and with the sentences on two of the bank

---

[1] **Hernandez pleaded guilty to 21 residential burglaries in Illinois, all charged separately, that he had committed between February 2, 1990, and December 27, 1990. He was sentenced to 10 years per count, concurrent with each other and with the sentences imposed on his two armed robbery convictions.**

robbery counts); and 60 months on the first § 924(c) conviction and 240 months each on the other two § 924(c) convictions, with the sentences on all the § 924(c) counts to be served consecutively to each other, and to all other counts of conviction.

On April 16, 2001, Hernandez filed his first motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, which he later moved to supplement or amend three times. On August 30, 2002, the district court denied that § 2255 motion. Both the district court and the Fifth Circuit later denied Hernandez's request for a certificate of appealability. The district court's judgment thus became final.

Hernandez subsequently filed with the Fifth Circuit a motion for authorization to file a second and successive motion to vacate, set aside or reduce sentence, pursuant to 28 U.S.C. § 2255, based on the United States Supreme Court's recent decisions in *Johnson v. United States,* 135 S.Ct. 2551 (2015), which held that the ACCA's residual clause was unconstitutionally vague, and *Welch v. United States,* 136 S.Ct. 1257 (2016), which determined that *Johnson* is retroactively applicable to cases on collateral review. Hernandez sought authorization to challenge the district court's enhancement of his sentence under the ACCA, specifically 18 U.S.C. § 924(e)(1), based on his prior convictions under Illinois law for burglary and two robberies. He also argued that his sentence was improperly enhanced under § 924(c)(3)(B) in connection with his convictions for using a firearm during a crime of violence. Lastly, he argued that he is actually innocent of his conviction under 18 U.S.C. § 922(g) because his civil rights were restored by the State of Illinois.

On August 12, 2016, the Fifth Circuit tentatively granted Hernandez authorization to file a successive § 2255 motion only as to a claim his sentence was unlawfully enhanced under the ACCA based on his prior Illinois convictions for robbery and burglary, stating, "Our grant of

**3**

authorization is tentative in that the district court must dismiss the § 2255 motion without reaching the merits if it determines that Hernandez has failed to make the showing required by § 2255(h)(2), § 2244(b)(4); *Reyes-Requena,* 243 F.3d at 899."

## II.   LAW AND ANALYSIS

Under the ACCA, a defendant who has three or more earlier convictions for a "serious drug offense" or a "violent felony" that were "committed on occasions different from one another" is subject to an enhanced penalty of 15 years to life. 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as any felony that either "has as an element the use, attempted use, or threatened use of physical force against the person of another"; or "is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another."* 18 U.S.C § 924(e)(2)(B) (emphasis added). The italicized text has come to be known as the ACCA's "residual clause." *Johnson,* 135 S.Ct. at 2555.

In *Johnson,* the Supreme Court invalidated, on Due Process grounds, the residual clause of § 924(e)(2)(B)(ii), finding "that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson,* 135 S.Ct. at 2557. In *Welch v. United States,* 136 S.Ct. 1257 (2016), the Supreme Court determined that *Johnson* was retroactively applicable to cases on collateral review. *Id.* at 1265.

However, as *Johnson* expressly provided, and as the Fifth Circuit and other circuits have recognized, the ruling left other portions of the ACCA intact, including the rest of the definition of "violent felony." *See e.g., Johnson,* 135 S.Ct. at 2563 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the

4

Act's definition of a violent felony."); *United States v. Jeffries,* 822 F.3d 192, 193 (5th Cir. 2016), cert. denied, 137 S.Ct. 1328 (2017) (noting that Johnson "le[ft] the remainder of the enhancement sections of the ACCA undisturbed"); *Stanley v. United States,* 827 F.3d 562, 564 (7th Cir. 2016) ("*Johnson* holds that the residual clause is unconstitutionally vague. *Johnson* does not otherwise affect the operation of the ACCA.")

Hernandez contends that he was sentenced under the now-void residual clause. He challenges as unconstitutional the use of the armed robbery convictions and the residential burglary conviction to enhance his sentence under the ACCA. He argues that his convictions for armed robbery and residential burglary could not have qualified as violent felonies under the "force" or enumerated clauses at the time of sentencing; thus, the only way he could legally qualify as an Armed Career Criminal would be under the now-void residual clause.

Hernandez contends that his two armed robbery convictions cannot be used to enhance his sentence under the ACCA because the Illinois statute does not satisfy the "force" clause of the ACCA inasmuch as the offense can be committed without "physical force" and it criminalizes the taking of property while simply carrying a dangerous weapon on one's person. He argues that a prior conviction for armed robbery only requires minimal force, under Illinois law, and since armed robbery is not an enumerated offense, the now-void residual clause of the ACCA would have provided the only avenue for Illinois armed robbery to serve as a predicate offense under the ACCA.

Similarly, Hernandez contends that his conviction for residential burglary under Illinois law could not have applied under the enumerated clause of the ACCA inasmuch as the Illinois residential burglary statute is broader than "generic burglary" under *Taylor v. United States,* 495

U.S. 575 (1990) in its locational elements because it could include burglary of a vehicle or trailer being used as a dwelling.

Although the record is unclear as to whether the sentencing court relied on the now-void residual clause, it is clear at this point that Hernandez's Illinois armed robbery convictions and residential burglary conviction were properly used under the remainder of the enhancement sections of the ACCA to enhance his sentence.

Regarding the armed robbery convictions, at the time of Hernandez's two 1991 convictions, the Illinois statute for simple robbery provided, in relevant part:

> A person commits robbery when he or she takes property, except a motor vehicle covered by Section 18-3 or 18-4, from the person or presence of another by the use of force or by threatening the imminent use of force.

720 ILL.COMP.STAT.ANN.5/18-1(a). Armed robbery added the following requirements to the simple robbery statute:

> (a) A person commits armed robbery when he or she violates Section 18-1; and
>
> (1) he or she carries on or about his or her person or is otherwise armed with a dangerous weapon other than a firearm; or
>
> (2) he or she carries on or about his or her person or is otherwise armed with a firearm; or
>
> (3) he or she, during the commission of the offense, personally discharges a firearm; or
>
> (4) he or she, during the commission of the offense, personally discharges a firearm that proximately causes great bodily harm, permanent disability, permanent disfigurement, or death to another person.

720 ILL.COMP.STAT.ANN. 5/18-2.

Regarding the residential burglary conviction, at the time Hernandez committed his 21 residential burglaries in Illinois, state law provided that "[a] person commits residential burglary who knowingly and without authority enters the dwelling place of another with the intent to commit therein a felony or theft." 720 ILL.COMP.STAT.ANN. 5/19-3(a) (1990). Another statute separately defined "dwelling":

> For the purposes of Section 19-3 of this Code, "dwelling" means a house, apartment, mobile home, trailer, or other living quarters in which at the time of the alleged offense the owners occupants actually reside or in their absence intend within a reasonable period of time to reside.

720 ILL.COMP.STAT.ANN. 5/2-6(b) (1990).

The Seventh Circuit, the circuit court that covers Illinois, has addressed, post-*Johnson,* whether Illinois armed robbery and residential burglary are "violent felonies" for purposes of the ACCA. In *Shields v. United States,* 885 F.3d 1020 (7th Cir. 2018), the Seventh Circuit considered an appeal of a denial of a § 2255 motion. Shields, like Hernandez, had Illinois convictions for armed robbery and residential burglary, and he argued that in light of *Johnson* and *Mathis v. United States,* 136 S.Ct. 2243 (2016), these no longer qualified as "violent felonies" under the ACCA. The district court denied the motion, and the Seventh Circuit affirmed.

As to Shields' 2003 conviction for armed robbery under Illinois law, the Seventh Circuit rejected the defendant's contention that the offense was not categorically a violent felony because it required only minimal force. The Seventh Circuit found that the Illinois robbery statute has as an element the use, attempted use, or threatened use of physical force against the person of another, and that the force requirement in the simple robbery statute is incorporated into the armed robbery statute by cross-reference.

7

As to Shields' conviction of the Illinois residential burglary statute which was in effect from 1982 to 2001 (Hernandez committed his 21 residential burglaries in Illinois in 1990), the Seventh Circuit rejected the defendant's contention that the Illinois statute was not a "generic" burglary under *Taylor v. United States, supra,* because it defined "dwelling" too expansively. The Seventh Circuit observed the Illinois statute "does not include boats or tents, and the state courts have excluded vehicles other than occupied trailers." *Shields,* at p. 1023. The Seventh Circuit confirmed "the crime of Illinois residential burglary covers only the entry of places encompassed by *Taylor.*" *Id.* p. 1023. Therefore the Illinois residential burglary conviction qualifies under the enumerated clause of the ACCA and can be used to enhance a sentence.

Hernandez argues that this Court is not bound by Seventh Circuit decisions and that *Shields* was wrongly decided. However, the Fifth Circuit gives deference to other circuit courts in their interpretation of the laws of states within their respective jurisdictions. *United States v. Marroquin,* 884 F.3d 298, 300 (5th Cir. 2018) (for purposes of resolving a dispute regarding application of a guidelines provision, giving deference to the Fourth Circuit's interpretation of a North Carolina criminal statute, as North Carolina is in the Fourth Circuit).

In addition, this Court finds that any error in applying the ACCA enhancement was harmless, as Hernandez's categorization under the "career offender" provisions produced the same offense level and Criminal History Category. Also, even if this Court were to completely set aside the sentence enhancement afforded by the ACCA, Hernandez would still serve a total of 867 months imprisonment, inasmuch as he nonetheless remains validly convicted of the three felon-in-possession offenses themselves. The sentencing court ordered that Hernandez serve the 180-month sentences for the three ACCA-affected felon-in-possession convictions concurrently with the longer 300-month sentences imposed on two of the armed robbery convictions.

Hernandez does not challenge his armed robbery convictions, nor can he, as they are also unaffected by *Johnson*. As the Fifth Circuit has recognized in the context of a direct appeal, because the alleged error affects only the shorter of several concurrent sentences, there is no prejudice. *United States v. Huerra,* 884 F.3d 511 (5th Cir. 2018). As Hernandez cannot satisfy a standard applicable on direct appeal, he cannot prevail on collateral attack. *United States v. Frady,* 456 U.S. 152, 166 (1982) ("We reaffirm the well-settled principle that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal.").[2]

## III. CONCLUSION

For these reasons, this Court finds that the Illinois convictions for armed robbery and residential burglary were properly used to enhance Hernandez's sentence under the ACCA.

Therefore, in accordance with the Fifth Circuit's mandate, this Court finds that Hernandez has failed to make the showing required by § 2255(h)(2), § 2244(b)(4); *Reyes-Requena v. United States,,* 243 F.3d 893 (5th Cir. 2001), and his § 2255 motion must be dismissed.[3]

Accordingly,

The Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. Nos. 157 and 166] is **DENIED**.

Monroe, Louisiana, this 8th day of May, 2018.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[2] **The stay of his Motion to Vacate requested by Hernandez is unnecessary because of harmless error.**
[3] **Even if this Court considered the merits, this Court would reach the same conclusion, for the above reasons.**

9