UNITED STATES DISTRICT COURT

WESTERN DISTRICT of LOUISIANA

LAFAYETTE DIVISION

RECEIVED
FEB 03 2020
TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA

Manuel David Hernandez
    (petitioner/movant)(pro-se)***

versus                          Crim. No: 97-CR-60039-01

United States Of America    * 28 USC §2255 Amendment

    (respondent)                   (page 1 of 6)

..."Motion To 'Amend & Supplement' Movant's 28 U.S.C. §2255 Motion; Under Fed. R. Civil Procedure Rule(s) 15(a), (d); 'Seeking-Relief' Under Both The Recent U.S. Supreme Court Rulings Of 'REHAIf' And 'DAVIS' (June, 2019) That Are Deemed Retroactive On Collateral Review Hereby 'Amending' Document #[189] Respectfully"...

COMES NOW, petitioner/movant hereby tendering this motion to 'Amend' & 'Supplement' the pending 28 U.S.C. §2255 with 'two-separate'; but highly relevant U.S. Supreme Court

decisions that are 'presently' retroactive on collateral review.

The decision of 'REHAIF' (June, 2019); has clearly ruled in movant's favor and clearly manifest's his 'Actual-Innocence' of the 18 U.S.C. § 922(g)(1) count(s) 3, 6, 9, 'Felon In Possession Of A Firearm' crimes...

As it presently stands, this Movant, is clearly deemed 'Actually-Innocent' and is hereby entitled to a 'Free-Standing Remedy' and entitlement to Relief...

'REHAIF' (citations-omitted), ruled that in order for the gov't to have proven movant's guilt in 1998, the gov't must prove, thus:...

...(1) that movant knew before he possessed the firearm that he knew he belonged to the 'category' of persons under 18 U.S.C. § 922(g)(1);

and (2) that movant knew that he was prohibited by federal law from possessing a firearm after having been convicted of a state felony...

Movant, was indicted On or About October 22nd, 1997, during that relevant time period movant never knew he belonged to the 'category' of persons listed in § 922(g)(1); and furthermore never 'knew' that federal-law at that time

prohibited movant from either 'Constructively/Actually' possessing a firearm after having been convicted of 'three-concurrent' State of Illinois felonies?...

- - - Based upon 'REHAIF' which is clearly retroactive on collateral-review, movant assert's his claim(s) that he is now 'Actually-Innocent' of Counts (3), (6), (9), convictions and sentences under the statute 18 U.S.C. § 922(g)(1)...

This violates his 'fundamental-substantive' 5th, 6th, and 13th federal-Constitutional rights and this 'Statutory-Substantive' U.S. Supreme Court ruling is quite clear and relevant to movant's freedom.

WHEREFORE, Justice Militate's That The Integrity Of This federal Court Be Applied To further Promote the Public's Trust And Manifest's fairness to this movant's Life, Liberty, and Due Process Of Law.

Movant, respectfully moves this Honorable Court of Review To Immediately Vacate Counts (3), (6), (9) without Unnecessary Delay or Hesitation.
    MAY IT PLEASE This Honorable Court of Review...

Additionally, the 5th Circuit & U.S. Supreme Court decision of Maurice Lamont Davis - 'DAVIS' (June, 2019) (citations-omitted) has ruled clearly that 18 U.S.C. §924(c)(3)(B) is Now deemed 'Unconstitutionally-Vague' in direct contravention of the 5th Amendment Prohibition against "Vague-Law's" under the "Vagueness-Doctrine"...

Movant, assert's he is "Actually-Innocent" of the 18 U.S.C. §924(c)(1)(A)(i) convictions & sentences; contained in counts (2), (5), (8)... Movant's companion crimes or (predicate) crimes that 'triggered' these punishments are Counts (1), (4), (7), that charged both 18 U.S.C. §2113(a), & (d) and 18 U.S.C. §2 'Aiding & Abetting'... The 'DAVIS' Majority-Ruling, has ruled that..."A Vague Law Is No Law At All"...

There remains only one-other possible way that movant's §924(c)(1)(A) convictions & sentences could have been 'triggered' is 'Via' 18 U.S.C. §924(c)(3)(B) Residual-Clause. that is highly unconstitutional, and contravenes movant's 5th amendment protection against being punished & convicted under a 'Vague-Law' that is presently prohibited under the Vagueness-Doctrine. Examining the Companion crime statute of 18 U.S.C. §2113(a) and 18 U.S.C. §2 do-not fall under 18 U.S.C. §924(c)(3)(A). Since the 'categorical' approach announced under 'Shepard (2005)'; 'Taylor'; and 'Descamps', 'Johnson II,' would dictate that, judge Haik would have had

(page 5 of 6)

examine-completely on the record the 'statutory-elements' of both 18 U.S.C. § 2113(a) and 18 U.S.C. § 2; which after conducting this searching-examination of the entire scope of the main statutory-text one would then clearly and brightly see that 18 U.S.C. § 2113(a) does contain both 'Non-violent' and 'Violent' elements or ways that § 2113(a) can be violated and judge Haik nor the gov't can elect those harsher-elements. Clearly § 2113(a) is an 'Indivisible' statute, and the 'modified categorical approach' has no place to overrule the 'Categorical' approach. The gov't nor Court are never at liberty to pick and choose the harsher methods or elements that would constitute a crime of violence, that would then 'trigger' the convictions & sentences under § 924(c)(1)(A) nor § 924(c)(3)(A). Of course 18 U.S.C. § 2113(d) is of no qualification or discussion since it is only an "aggravating-sentencing element" and not a stand-alone crime itself., since § 2113(a) describes in the main-text the actual elements or crime of a federal bank robbery crime.

Now, examining 18 U.S.C. § 2, aiding & abetting, that was also charged in relation to the companion crime charged in Counts (1), (4), (7), in 'relatio' to the 18 U.S.C. § 2113(a) crime and 'jury-instructions' would not qualify movant to be punished under 18 U.S.C. § 924(c)(1)(A); nor § 924(c)(3)(A).

Hence, those elements described in 18 U.S.C. § 2 have no force-elements.

Once again, and repeated, the only possible-way that movant could have been convicted and sentenced under 18 U.S.C §924(c)(1)(A), or §924(C) 'second or subsequent' --- would have been under the 'Residual-Clause' of §924(c)(3)(B), that 'DAVIS' has ruled is A Vague Law, that today is no law at all, plus contravenes the 5th Amendment Vagueness-Doctrine...

PRAYER FOR RELIEF

Movant, assert's that he is 'ACTUALLY-INNOCENT' of the convictions and sentences contained in Counts (2), (5), (8) and would hereby respectfully move this honorable-court to Vacate with prejudice Counts (2), (5), (8) And ORDER His Immediate-Release from federal-prison, without 'Supervision' under 18 USC §3624(e), since he has served and exceeded far beyond the permissible statutory and guideline sentence he would have received under 18 U.S.C §2113(a) & (d), 18 U.S.C §2.

MAY IT PLEASE THIS HONORABLE COURT of Review TO GRANT him 'Relief' Under Both 'REHAIF' & 'DAVIS' (2019), As these U.S. Supreme Court Rulings Are Now Retroactive On Collateral Review, Since Counts, (2), (3), (5), (6), (8), (9), Are No Longer Valid Convictions.

/s/ Manuel Kennedy  1-22-2020

# CERTIFICATE of SERVICE

I, Mx. Manuel David Hernandez #09766-035 have filed One-Original Hand-written with the Clerk of Court, "Motion To Amend/Supplement My 28 USC§2255 Motion Seeking Relief Under Both "REHAIf" & "DAVIS" And move the Honorable Chief Judge Maurice Hicks to Grant this Under Fed.R.Civil.Procedure. Rule 15(a) & (d).

On this 22nd day of January 2020

28 USC§1746

Under the penalty of perjury I swear that this motion is made true and correct.

/s/ Manuel Hernandez

I hereby Request from the Clerk of Court A Copy of this motion and Document #(189)? (Please)