UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIM. NO. 97-CR-60039-01 |
| | * | |
| VERSUS | * | |
| | * | JUDGE DOUGHTY |
| MANUEL DAVID HERNANDEZ | * | MAG. JUDGE WHITEHURST |

RESPONSE BY THE UNITED STATES TO POST-CONVICTION MOTIONS FILED BY THE DEFENDANT (REC. DOCS. 182,189, 190, 206,207)

## INTRODUCTION

The defendant, serving a sentence of 867 months for bank robbery and felon-in-possession convictions, has filed a series of *pro-se* post-conviction motions while the appeal of the denial of a Section 2255 motion is pending. The Court has requested a response on three post-convictions motions filed by the defendant. (Rec. Doc. 201). After the Court's order, a Supplemental Memorandum and a letter to the Court were filed. (Rec. Docs. 206, 207). In this instant response, the United States will address the three post-conviction motions referenced in the Court's order as well as the two documents recently filed. The United States maintains that all of the claims, except the meritless assertion filed pursuant to the First Step Act, should

1

have been raised in an earlier Section 2255 motion, are successive, and, therefore, should be dismissed.

## PROCEDURAL HISTORY

On February 5, 1998, after a four-day trial, the defendant was found guilty of all counts of an indictment charging him with three counts of armed bank robbery in violation of 18 U.S.C.§ 2113(a) and (d) (Counts I, IV and VII); three counts of use of a firearm during the commission of a violent crime in violation of 18 U.S.C. § 924(c)(Counts II, V, and VIII); and three counts of felon in possession of a firearm in violation of 18 US.C.§ 922(g)(1) (Counts III, VI, and XI) (Rec. Docs. 1, 63). On August 14, 1998, he was sentenced to a total of 867 months as follows: 300 months each on two of the bank robbery convictions (concurrent with each other) and 27 months on the third bank robbery conviction (consecutive to the other bank robbery sentences, for a total sentence of 327 months on the three bank robbery counts; 180 months on each of the felon-in-possession counts (concurrent with each other, and with the sentences on two of the bank robbery counts); and 60 months on the first Section 924(c) conviction and 240 months each on the other two Section 924(c) convictions, with the sentences on all the Section 924(c) counts to be served consecutively to each other, and to all other counts of conviction. (Rec. Docs. 70, 71, 76).

The defendant's conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit. (Rec. Doc. 94). The defendant's first motion to vacate, set side or correct sentence under 28 U.S.C. § 2255 with various amendments was filed in 2001 and was denied on August 8, 2002. (Rec. Doc. 132). Requests for certificates of appealability were denied. (Rec. Docs 137, 147).

On August 2, 2016 a Section 2241 petition filed in the District of Arizona was construed as a Section 2255 motion and transferred to the Western District of Louisiana. (Rec. Docs. 157, 162). Because the claim was based on the *Johnson* case, the Office of the Federal Public Defender was appointed to represent the defendant. (Rec. Docs. 163, 164). On August 12, 2016, the United States Court of Appeals for the Fifth Circuit granted the defendant authorization to file a successive Section 2255 motion only as to the claim that his sentence was unlawfully enhanced under the ACCA based on his prior Illinois conviction for robbery and burglary; authorization as to all other grounds was denied. (Rec. Doc. 165).

On May 9, 2018, after briefing by both parties, this Court denied the motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (specifically the motions docketed as Rec. Docs. 157, 156). (Rec. Docs. 175, 176). This Court denied the certificate of appealability. (Rec. Doc. 174). On June 12, 2018, a notice of appeal was filed by the Office of the Federal Public Defender on behalf of the defendant as

to the order denying the Section 2255 and the order denying the certificate of appealablity. (Rec. Doc. 180). That appeal is still pending.

*Pro-se post-conviction motions filed after this Court's denial of the Section 2255 motion on May 9, 2018.*

On July 18, 2019, the defendant filed a *pro-se* motion characterized on the docket as "Motion for Reduce Sentence under the First Step Act," which is entitled by the defendant as "Motion for Resentencing under 28 U.S.C. § 2255 and Civil R. 60(b)(b)" (Rec. Doc. 182). On July 23, 2019, he filed another *pro-se* motion which references the First Step Act but is on the standard form used for the filing of motions to vacate, set aside or correct sentence under 28 U.S.C. §2255. (Rec. Doc. 189).The third motion filed on July 29, 2019, is described as a "Motion to Reduce Sentence under the First Step Act." (Rec. Doc. 190). After this Court ordered the United States to respond to the above motions, a Supplemental Memorandum and a letter to the Court were filed on February 3, 2020. (Rec. Docs. 206-207). The United States is responding to all the motions filed after this Court's denial of the Section 2255 motion on May 9, 2018.

## ARGUMENT

### Except for the claims under the First Step Act which are, nevertheless, meritless, this Court does not have jurisdiction to entertain the post-conviction motions.

The majority of the claims presented in the five post-conviction documents should have been raised in the first Section 2255 motion filed in 2001, are successive, and, therefore, cannot be entertained by the Court. The only assertion that may be presently considered references the First Step Act; however, that claim is meritless. Thus, the five documents filed by the defendant should either be dismissed or denied. Because the defendant repeats arguments and does not present the cognizable issues in the appropriate motions, for clarity, rather than discussing each motion separately, the United States will address the allegations by subject matter and reference the documents in which those assertions are raised.

### A. *Law relating to immutability of sentences*

Pursuant to 18 U.S.C. § 3582 (b) (c), once a term of imprisonment has been imposed it cannot be modified, absent specific exceptions. Pursuant to 18 U.S.C. § 3582(b)(3) a sentence may be modified after appeal and remand. Another exception to the immutability of an imposed sentence entails a motion filed by the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). Those two provisions do not apply to the

5

defendant.

An additional exception is described at 18 U.S.C. § 3582(c)(2) providing that if a defendant has received a sentence based on a sentencing range which has subsequently been lowered by the Sentencing Commission, a court may reduce the term of imprisonment, but only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." However, there is no retroactively applicable amendment germane to the defendant's situation.

Under 18 U.S.C. § 3582(c)(1)(B) a term of imprisonment may also be modified to the "extent otherwise expressly permitted by statute or by Rule 35[1] of the Federal Rules of Criminal Procedure." Relief under the First Step Act can be requested under Section 3582(c)(1)(B). *United States v. Wirsing*, 943 F.3d 175, 183 (4th Cir. 2019)("We hold that § 3582(c)(1)(B) is the appropriate vehicle for a First Step Act motion."). However, as discussed below, the defendant is not entitled to relief under the First Step Act.

Another statute permitting modification of sentence is 28 U.S.C. § 2255 which

---

[1] Under Fed.R.Crim.P. 35(b), a court may reduce a sentence for a defendant's subsequent, substantial assistance on motion of the government made within one year of sentencing. Under Fed.R.Crim.P. 35(a) within fourteen days after the imposition of a sentence, the court may correct a sentence that was imposed as result of arithmetical, technical or other clear error. Rule 35(a) is reserved for correction of "arithmetical, technical, or other clear error." Those provisions are not applicable here.

6

permits a defendant in federal custody to file a motion to vacate, set aside or correct sentence. *United States v. Lopez*, 26 F.3d 512, 515 n. 4 (5th Cir. 1994) (providing that an example of a statute referenced in Section 3582(c)(1)(B) is 28 U.S.C. § 2255). However, any claims that are considered raised under Section 2255 motions are successive as the defendant has already filed a Section 2255 motion in 2001 in which these grounds could have been presented. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the defendant must receive authorization from the court of appeals before the defendant can file successive Section 2255 motions. *See* 28 U.S.C. §§ 2255, 2244(b)(3)(A). *See United States v. Orozco-Ramirez,* 211 F.3d 862 (5th Cir. 2000); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

The titles of the motions in which these assertions are raised cannot be used to circumvent the limitations of Section 2255. *See In re Tolliver*, 97 F.3d 89, 90 (5th Cir. 1996); *United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998). In *Rich*, 141 F.3d at 553, the defendant's post-conviction motion under Fed.R.Civ.P. 60(b) was considered the functional equivalent of a successive § 2255 motion. All allegations, except for the meritless First Step Act claim, are"unauthorized and without jurisdictional basis." *United States v. Early*, 27 F.3d 140 (5th Cir. 1994).Thus, the Court does not have authority to consider those arguments. *United States v. Bridges*,

7

116 F.3d 1110, 1112 (5th Cir. 1997).

### B. The provisions of the First Step Act addressing multiple counts of Section 924(c) do not apply retroactively to the defendant.

In two motions, the defendant asserts that the consecutive sentences on two of the Section 924(c) convictions (Counts 5and 8) are unlawful after the First Step Act. (Rec. Doc. 182, p.4; Rec. Doc. 189, p. 3). This argument can be raised under Section 3582(c)(1)(B), as discussed above.

The defendant refers to the elimination by the First Step Act of Section 924(c) "stacking." The First Step Act removed the automatic imposition of a 25-year sentence for a second or subsequent conviction for using or carrying a firearm under Section 924(c) and instead conditioned such a sentence on the existence of a prior final conviction for that offense. However, the statute specifically provides that this amendment addressing Section 924(c) stacking cannot be applied retroactively. *United States v. Hodges*, No. 1901930, --F.3d--, 2002 WL 253375, at *3 (3rd Cir. Jan. 17, 2020)(holding that provisions of First Step Act providing for reduced mandatory minimums for first-time offenders convicted of multiple counts involving discharge of firearms cannot be applied retroactively and, thus, that a defendant "sentenced before the First Step Act became law…cannot be the beneficiary of any clemency intended by the Act"). This claim has no merit

8

### C. The challenge to this Court's denial of the earlier Section 2255 motion is a successive claim which this Court does not have jurisdiction to consider.

In two motions, (Rec. Doc. 182, pp. 9; Rec. Doc. 189, p. 4), the defendant is basically re-urging his challenge to the enhancement of his sentence under the ACCA, which this Court has already rejected and which is the subject of a pending appeal. (Rec. Docs. 175, 176, 180). A motion for reconsideration under Fed.R.Civ.P 60(b) can be entertained once a notice of appeal has been filed. Such a motion can only be granted with permission from the Fifth Circuit. *Silva v. Harris County*, 5 F.3d 1496 (5th Cir. 1993) ("Our court, however, allows district courts to consider Rule 60(b) motions on their merits, despite a pending appeal. After considering such a motion, the district court may either deny the motion, or ask leave of our court to grant it.")

But in the context of habeas petitions, if a "Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion." *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Procedural claims which could be considered under a Rule 60 (b) motion would include failure to exhaust, procedural default, statute-of-limitations bar, "district court's denial of funding, the district court's dismissal of claims without an

9

evidentiary hearing, and the district court's failure to consider claims presented in the habeas application." *Webb v. Davis*, 940 F.3d 892, 898 (5th Cir. 2019).

Here, the defendant is rearguing the merits of the Section 2255 motion denied by this Court. The claims regarding the merits of the denial of the Section 2255 in which the defendant challenged the ACCA enhancement, therefore, should be deemed as successive.

In the conclusion of one of the motions raising the ACCA issue, the defendant argues that his attorney was ineffective for failing to either file another Section 2255 motion or alert the Fifth Circuit of the erroneous ruling by this Court in rejecting his challenge to the ACCA enhancement. He asks the Court to remove the Federal Public Defender from his case. (Rec. Doc. 182, p. 19). As the docket shows, the denial of the Section 2255 motion dealing with the ACCA enhancement is being appealed. Thus, he can advise his attorney of another further issues he believes should be argued.

**D. The allegations concerning prosecutorial misconduct, the U.S. Attorney, the U.S. Magistrate Judge, the location of the courthouse, the nature of his arrest, and the effectiveness of his trial counsel should have been raised in the original Section 2255 motion filed in 2001, are successive, and cannot be entertained by this Court.**

In his motions, the defendant raises other claims which are successive and

should be have raised in his earlier Section 2255 motion or on appeal. In challenging the ACCA enhancement, the defendant contends that the Assistant United States Attorney who originally presented the case to the grand jury for indictment engaged in prosecutorial misconduct by not providing evidence or testimony about his prior Illinois conviction (Rec. Doc. 182, p. 16).

In the "Motion to Reduce Sentence under the First Step Act", he requests that the earlier motions be considered on an expedited basis. (Rec. Doc. 190). He additionally raises allegations that should have been raised in earlier Section 2255 motions. He contends that U.S. Attorney who signed his indictment in 1997 had not been confirmed by the Senate. He asserts that the tenure of the United States Magistrate Judge had expired at the time he was arraigned. He argues that in 1997, the court was a post office not a courthouse. He discusses these same claims in his letter to the Court in which he challenges the validity of his arrest and the effectiveness of trial counsel. (Rec. Doc. 207) All of these allegations could have been raised in the Section 2255 motion filed in 2001 or on his direct appeal. Absent permission from the Fifth Circuit to file a successive motion, these allegations cannot be considered by the Court.

11

### E. The *Rehaif* Supreme Court decision cannot be presently considered by this Court.

In the document docketed as Supplemental Memorandum, the defendant contends that he is entitled relief under *Rehaif v. United States,*--U.S.--, 139 S.Ct. 2191(2019) which provides that knowledge that a defendant falls within a relevant restricted status, such as being felon, is an element of Section 922(g) and 924(a)(2) offenses. (Rec. Doc. 206). This Court has not applied *Rehaif* retroactively to cases on collateral reviews. *See United States v. Benton*, No. 3:12-00118, 2002 WL 132276, (W.D. La. Monroe Division, Jan. 9, 2020). Furthermore, even if *Rehaif* is retroactively applicable to cases on collateral review, as the defendant has already filed a Section 2255 motion, the defendant must obtain permission from the Court of Appeals to raise this successive claim.

### F. The Court does not have jurisdiction to review complaints about the institution where the defendant is incarcerated considered.

In the letter to the Court, the defendant complains about the institution where he is presently incarcerated. (Rec. Doc. 207). Challenges to locations of confinement must be raised in the jurisdiction of incarceration. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Thus, this Court cannot entertain that claim.

## CONCLUSION

This Court does not have jurisdiction to consider claims that could have been raised in the Section 2255 motion filed in 2001. The defendant must obtain authorization from the court of appeals to present such assertions in the district court. The Court can dismiss those claims. The argument regarding the application of the First Step Act which can be presented under Section 3582 is meritless, as the section of the Act cited by the defendant is not retroactively applicable.

        Respectfully submitted,

        DAVID C. JOSEPH
        UNITED STATES ATTORNEY

BY:   \s\ Cristina Walker
        CRISTINA WALKER, Bar ID #08497
        Assistant United States Attorney
        300 Fannin Street, Suite 3201
        Shreveport, Louisiana 71101
        (318) 676-3600
        Fax (318) 676-3663

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 6, 2020 the above was filed electronically with the Clerk of Court using the CM/ECF system and that a copy of this motion is being mailed to Manuel David Hernandez, No. 09766-035, USP-Florence High, P.O. Box 7000, Florence, CO 81226

\s\ Cristina Walker
CRISTINA WALKER
Assistant United States Attorney