# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CASE NO. 97-CR-60039-01 |
| VERSUS | * | JUDGE TERRY A. DOUGHTY |
| MANUEL DAVID HERNANDEZ | * | MAG. JUDGE WHITEHURST |

**RULING**

Defendant Manuel David Hernandez ("Hernandez"), serving a sentence of 867 months for bank robbery and felon-in-possession convictions, has filed a series of *pro-se* post-conviction motions while his appeal of this Court's denial of his previous Section 2255 motion is pending. [Doc. Nos. 182, 189, 190]. He has also filed a Supplemental Memorandum and a letter to the Court. [Doc. Nos. 206, 207]. The Government filed a Response to the three post-conviction motions as well as the two documents recently filed. [Doc. No. 208]. Hernandez then filed a "Motion for Clarification of Movant's Present Intent and Filed Claims; That were Previously filed by Movant Pro-se" [Doc. No. 211], which was construed by the Court as a motion to clarify and supplement his previous motions. The Court granted that motion in part and allowed the supplemental briefing [Doc. No. 212].

The Government contends that one of Hernandez's claims was filed pursuant to the First Step Act and that it is meritless. The Government further contends that his other claims should have been raised in his earlier Section 2255 motion, are successive, and, therefore, should be dismissed. The issues have been fully briefed, and the Court is prepared to rule.

## I. PROCEDURAL HISTORY

On February 5, 1998, after a four-day trial, Hernandez was found guilty of all counts of an Indictment charging him with three counts of armed bank robbery in violation of 18 U.S.C.§§ 2113(a) and (d) (Counts I, IV and VII); three counts of use of a firearm during the commission of a violent crime in violation of 18 U.S.C. § 924(c)(Counts II, V, and VIII); and three counts of felon in possession of a firearm in violation of 18 US.C. § 922(g)(1) (Counts III, VI, and IX) [Doc. Nos. 1, 63].

On August 14, 1998, Hernandez was sentenced to a total of 867 months imprisonment as follows: 300 months on the bank robbery convictions in Counts I and IV, to run concurrently; 180 months on the felon-in-possession of firearm convictions in Counts III, VI, and IX, to run concurrently to each other and to Counts I and IV; 27 months on the bank robbery conviction in Count VII, to run consecutively to Counts I, III, IV, VI, and IX; 60 months on the Section 924(c) conviction in Count II, to run consecutively to Counts I, III, IV, VI, and IX; 240 months on the Section 924(c) conviction in Count V, to run consecutively to Count II; and 240 months on the Section 924(c) conviction in Count VIII, to run consecutively to Count V.

Hernandez's conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit. [Doc. No. 94]. In 2001, he filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 with various amendments. That motion was denied on August 30, 2002 [Doc. No. 139]. Requests for certificates of appealability were denied by the district and appellate courts. [Doc. Nos 143, 147].

On August 2, 2016, a Section 2241 petition filed by Hernandez in the District of Arizona was construed as a Section 2255 motion and transferred to the Western District of Louisiana. [Doc. Nos. 157, 162]. Because the claim was based on *United States v. Johnson*, 135 S. Ct. 2551 (2015),

2

the Office of the Federal Public Defender was appointed to represent the defendant. [Doc. Nos. 163, 164]. On August 12, 2016, the United States Court of Appeals for the Fifth Circuit granted Hernandez authorization to file a successive Section 2255 motion only as to the claim that his sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA") based on his prior Illinois conviction for robbery and burglary; authorization as to all other grounds was denied. [Doc. No. 165].

On May 9, 2018, after briefing by both parties, this Court denied the Motion to Vacate, Set Aside or Correct sentence under 28 U.S.C. § 2255 (specifically the motions docketed as Doc. Nos. 157, 166). [Doc. Nos. 175, 176]. This Court also denied a certificate of appealability. [Doc. No. 174]. On June 12, 2018, a notice of appeal was filed by the Office of the Federal Public Defender on behalf of Hernandez as to the order denying the Section 2255 and the order denying the certificate of appealability. [Doc. No. 180]. That appeal is still pending. *See No. 18-30712*.

On July 18, 2019, Hernandez filed a *pro-se* motion characterized on the docket as "Motion for Reduced Sentence under the First Step Act," which is entitled by Hernandez as "Motion for Resentencing under 28 U.S.C. § 2255 and Civil R. 60(b)(b)" [Doc. No. 182]. On July 23, 2019, he filed another *pro-se* motion which refers to the First Step Act, but is on the standard form used for the filing of Motions to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [Doc. No. 189]. The third motion, filed on July 29, 2019, is described as a "Motion to Reduce Sentence under the First Step Act." [Doc. No. 190]. After the Court ordered the Government to respond to the above motions, a Supplemental Memorandum and a letter to the Court were filed by Hernandez on February 3, 2020. [Doc. Nos. 206, 207]. On February 6, 2020, the Government filed a response to the motions filed by Hernandez after this Court's May 9, 2018 denial of the Section 2255 motion. [Doc. No. 208]. On February 26, 2020, with leave of Court, Hernandez filed a

supplemental brief in support of his motions. [Doc. No. 212]

## II. LAW AND ANALYSIS

Because Hernandez's three motions contain duplicative arguments and do not present the cognizable issues in the appropriate motions, for clarity, the Court will address the allegations by subject matter and reference the motions or memos in which those assertions are raised.

The Government contends that, except for the claim under the First Step Act, this Court does not have jurisdiction to entertain the post-conviction motions. The Government asserts that the majority of the claims presented in the post-conviction documents should have been raised in the first Section 2255 motion filed in 2001, are successive, and, therefore, cannot be entertained by the Court. The Government further argues that the only assertion that may be presently considered references the First Step Act, and that claim is meritless. Thus, according to the Government, Hernandez's claims should either be dismissed or denied.

The Court will first address any claims under the First Step Act and then Hernandez's Section 2255 claims.

### A. The First Step Act

Pursuant to 18 U.S.C. § 3582(b)(c), once a term of imprisonment has been imposed it cannot be modified, absent specific exceptions. One such exception is set forth in 18 U.S.C. § 3582(c)(1)(B), which provides that a term of imprisonment may also be modified to the "extent otherwise expressly permitted by statute or by Rule 35[1] of the Federal Rules of Criminal Procedure." Relief under the First Step Act can be requested under Section 3582(c)(1)(B). *United*

---

[1] Under Fed. R. Crim. P. 35(a), a court may correct a sentence that resulted from arithmetical, technical, or other clear error. Under Rule 35(b), a court may reduce a sentence for a defendant's subsequent substantial assistance on motion of the government made within one year of sentencing. Neither provision is applicable here.

4

*States v. Wirsing*, 943 F.3d 175, 183 (4th Cir. 2019) ("We hold that § 3582(c)(1)(B) is the appropriate vehicle for a First Step Act motion.").

In his motions, Hernandez asserts that the consecutive sentences on two of the Section 924(c) convictions (Counts V and VIII) are unlawful after the First Step Act. [Doc. No. 182, p.4; Doc. No. 189, p. 3; Doc. No. 211, pp. 1-6]. This argument can be raised under Section 3582(c)(1)(B), as discussed above.

Hernandez refers to the elimination by the First Step Act of Section 924(c) "stacking." The First Step Act eliminated § 924(c)(1)(C)'s "stacking" requirement for first-time offenders. A first-time offender who used a firearm during the commission of a violent crime faces a 60-month mandatory minimum on his first § 924(c) count. *See § 924(c)(1)(A)(i).* Before the First Step Act, if an offender was convicted of a second § 924(c) count, he faced an enhanced consecutive 300-month[2] mandatory recidivist penalty—even though both counts came from the same indictment. *See* § 924(c)(1)(C)(i) (amended 2018) ("In the case of a *second or subsequent conviction under this subsection*, the person shall [ ] be sentenced to a term of imprisonment of not less than 25 years ...." (emphasis added)); § 924(c)(1)(D)(ii); *see also Deal v. United States*, 508 U.S. 129, 132, (1993).

After the First Step Act, when a first-time offender who used a firearm during the commission of a violent crime is convicted of multiple § 924(c) counts from the same indictment, each count carries only the standard 60-month minimum, run consecutively. *See* § 924(c)(1)(C)(i) ("In the case of a *violation of this subsection that occurs after a prior conviction under this*

---

[2] At the time of Hernandez's conviction and sentencing in 1998, Section 924(c)(1) required the automatic imposition of a 240-month sentence for each subsequent conviction, rather than a 300-month sentence; hence his two 240-month sentences.

*subsection has become final*, the person shall [ ] be sentenced to a term of imprisonment of not less than 25 years ...." (emphasis added).

Thus, the First Step Act removed the automatic imposition of a 25-year sentence for a second or subsequent conviction for using or carrying a firearm under Section 924(c) and instead conditioned such a sentence on the existence of a prior final *conviction* for that offense. However, the statute specifically provides that this new minimum applies to defendants convicted before the Act became law *only* if they had not yet had a sentence "imposed." *See* First Step Act of 2018, § 403, Pub. L. No. 115-391, 132 Stat. 5194, 5221-22. *United States v. Hodges*, 948 F.3d 160, 163 (3rd Cir. 2020) (holding that provisions of First Step Act providing for reduced mandatory minimums for first-time offenders convicted of multiple counts involving discharge of firearms cannot be applied retroactively where a sentence had been imposed and, thus, that a defendant "sentenced before the First Step Act became law…cannot be the beneficiary of any clemency intended by the Act").

Therefore, Hernandez's claim arising from the First Step Act has no merit.

B.     **Section 2255 Claims**

Another statute permitting modification of sentence is 28 U.S.C. § 2255, which permits a defendant in federal custody to file a motion to vacate, set aside or correct sentence. *United States v. Lopez*, 26 F.3d 512, 515 n. 4 (5th Cir. 1994) (providing that an example of a statute referenced in Section 3582(c)(1)(B) is 28 U.S.C. § 2255). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a defendant must receive authorization from the court of appeals before a defendant can file successive Section 2255 motions. *See* 28 U.S.C. §§ 2255, 2244(b)(3)(A). *See United States v. Orozco-Ramirez,* 211 F.3d 862 (5th Cir. 2000); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

### 1. The challenge to this Court's denial of the earlier Section 2255 motion is a successive claim which this Court does not have jurisdiction to consider.

In two motions, [Doc. No. 182, p. 9; Doc. No. 189, p. 4], Hernandez is basically re-urging his challenge to the enhancement of his sentence under the ACCA, which this Court has already rejected, and which is the subject of a pending appeal. [Doc. Nos. 175, 176, 180]. A motion for reconsideration under Fed. R. Civ. P 60(b) can be entertained once a notice of appeal has been filed; however, such a motion can only be granted with permission from the Fifth Circuit. *Silva v. Harris County*, 5 F.3d 1496 (5th Cir. 1993) ("Our court, however, allows district courts to consider Rule 60(b) motions on their merits, despite a pending appeal. After considering such a motion, the district court may either deny the motion, or ask leave of our court to grant it.")

But in the context of habeas petitions, if a "Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion." *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Procedural claims which could be considered under a Rule 60 (b) motion would include failure to exhaust, procedural default, statute-of-limitations bar, "district court's denial of funding, the district court's dismissal of claims without an evidentiary hearing, and the district court's failure to consider claims presented in the habeas application." *Webb v. Davis*, 940 F.3d 892, 898 (5th Cir. 2019).

Here, Hernandez is rearguing the merits of the Section 2255 motion denied by this Court. The claims regarding the merits of the denial of the Section 2255 in which the defendant challenged the ACCA enhancement, therefore, are deemed as successive.

In the conclusion of one of the motions raising the ACCA issue, Hernandez argues that his attorney was ineffective for failing to either file another Section 2255 motion or alert the Fifth

Circuit of the erroneous ruling by this Court in rejecting his challenge to the ACCA enhancement. He asks the Court to remove the Federal Public Defender from his case. [Doc. No. 182, p. 19]. As the docket shows, the denial of the Section 2255 motion dealing with the ACCA enhancement is being appealed. Thus, he can advise his attorney of further issues he believes should be argued. [3] Therefore, this claim has no merit.

### 2. Allegations concerning prosecutorial misconduct, etc., are successive

In challenging the ACCA enhancement, Hernandez contends that the Assistant United States Attorney who originally presented the case to the grand jury for indictment engaged in prosecutorial misconduct by not providing evidence or testimony about his prior Illinois conviction [Doc. No. 182, p. 16].

In the "Motion to Reduce Sentence under the First Step Act," he requests that the earlier motions be considered on an expedited basis. [Rec. Doc. 190]. He additionally raises allegations that the U.S. Attorney who signed his indictment in 1997 had not been confirmed by the Senate. He asserts that the tenure of the United States Magistrate Judge had expired at the time he was arraigned. He argues that in 1997, the court was a post office not a courthouse. He discusses these same claims in his letter to the Court in which he challenges the validity of his arrest and the effectiveness of trial counsel. [Doc. No. 207].

The allegations concerning prosecutorial misconduct, the U.S. Attorney, the U.S. Magistrate Judge, the location of the courthouse, the nature of his arrest, and the effectiveness of his trial counsel could have been raised in the Section 2255 motion filed in 2001 or on his direct

---

[3] On February 10, 2020, Hernandez filed a motion requesting that his Court-appointed counsel in his pending appeal be removed and that private counsel be assigned instead. [Doc. No. 209]. This Court transferred that motion to the United States Court of Appeal for the Fifth Circuit for a determination as to whether Hernandez is entitled to the requested relief. [Doc. No. 210].

appeal. Absent permission from the Fifth Circuit to file a successive motion, these allegations cannot be considered by this Court. Therefore, this claim has no merit.

### 3. The *Rehaif* Supreme Court decision cannot be presently considered by this Court

In the document docketed as Supplemental Memorandum, [Doc. No. 206], Hernandez contends that he is entitled to relief because *Rehaif v. United States,* __ U.S. __, 139 S.Ct. 2191 (2019) announced a new rule of law that applies retroactively. However, in *Rehaif*, the Supreme Court merely clarified that, in prosecuting an individual under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2)—which provides that anyone who "knowingly violates" § 922(g) can be imprisoned for up to 10 years—the government must prove that the defendant knew he violated each of the material elements of § 922(g). *Rehaif*, 139 S. Ct. at 2195-96. Thus, *Rehaif* did not announce a new rule of constitutional law. Rather, *Rehaif* addressed an interpretation of statutory law. *United States v. May*, 3:16-CR-127, 2019 WL 6310195, at *2 (S.D. Ohio Nov. 25, 2019), report and recommendation adopted, 2019 WL 6893546 (S.D. Ohio Dec. 18, 2019) ("Certainly *Rehaif* embodies a new rule of criminal procedure, but it is not a constitutional rule, but rather a rule of statutory interpretation."); *United States v. Class,* 930 F.3d 460, 469 (D.C. Cir. 2019) (stating that *Rehaif* resolved a matter of statutory construction); *Littlejohn v. United States,* 2019 WL 6208549, at *2 (W.D. N.C. 2019) ("*Rehaif* did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. § 922(g) and 924(a)(2)").

Moreover, *Rehaif* does not apply retroactively to cases on collateral review. See *In re*: Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019); *Moore v. United States*, 2019 WL 4394755, at *1 (W.D. Tenn. 2019); *Nixon v. United States,* 2019 WL 6498088, at *3 (N.D. Tex. 2019) (*Rehaif* did not announce a new rule made retroactive; it merely interpreted § 922(g)).

9

Additionally, this Court has not applied *Rehaif* retroactively to cases on collateral reviews. *See United States v. Benton*, No. 3:12-00118, 2020 WL 132276, (W.D. La. Monroe Division, Jan. 9, 2020).

Furthermore, even if *Rehaif* is retroactively applicable to cases on collateral review, as Hernandez has already filed a Section 2255 motion, he must obtain permission from the Court of Appeals to raise this successive claim. Therefore, this claim has no merit.

### C. The Court does not have jurisdiction to review complaints about the institution where Hernandez is incarcerated

In the letter to the Court, Hernandez complains about the institution where he is presently incarcerated. [Doc. No. 207]. Challenges to locations of confinement must be raised in the jurisdiction of incarceration. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Hernandez is incarcerated in Florence, Colorado. [Doc. Nos. 182, 211]. Thus, this Court cannot entertain that claim.

## III. CONCLUSION

Hernandez's argument regarding the application of the First Step Act can be presented under Section 3582, but the Court finds that is is meritless, as the section of the Act cited by Hernandez is not retroactively applicable. Therefore, that claim must be DISMISSED WITH PREJUDICE.

This Court does not have jurisdiction to consider Hernandez's claims that could have been raised in his earlier Section 2255 motions. Hernandez must obtain authorization from the Fifth Circuit to present such assertions in the district court. Those claims must be DISMISSED WITHOUT PREJUDICE.

Additionally, with regard to Hernandez's final claims, this Court does not have jurisdiction

to review Hernandez's complaints about the institution where he is incarcerated. He must raise those claims in the jurisdiction of incarceration. Therefore, those claims must be DISMISSED WITHOUT PREJUDICE.

Monroe, Louisiana, this 27th day of February, 2020.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**