UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CASE NO. 6:97-CR-60039-01** |
| | * | |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **MANUEL DAVID HERNANDEZ** | * | **MAG. JUDGE WHITEHURST** |

**MEMORANDUM ORDER**

Pending before the Court is a Motion for Compassionate Release [Doc. No. 216] filed by Defendant Manuel David Hernandez ("Hernandez") on July 13, 2020, and an Emergency Motion to Modify Sentence Pursuant to Title 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 222] filed by Hernandez on July 21, 2020.

On February 5, 1998, after a four-day trial, Hernandez was found guilty of all counts of an Indictment charging him with three counts of armed bank robbery in violation of 18 U.S.C.§§ 2113(a) and (d) (Counts I, IV and VII); three counts of use of a firearm during the commission of a violent crime in violation of 18 U.S.C. § 924(c)(Counts II, V, and VIII); and three counts of felon in possession of a firearm in violation of 18 US.C. § 922(g)(1) (Counts III, VI, and IX) [Doc. Nos. 1, 63].   On August 14, 1998, Hernandez was sentenced to a total of 867 months imprisonment. [Doc. Nos. 70, 71].

Hernandez seeks the same relief in both motions.  He moves the Court for early release immediately because he has conditions that make him more vulnerable to the COVID-19 virus.  In support of his motions, Hernandez points out that he is bipolar, has hypertension and Hepatitis C,

has astigmatism in both eyes, and suffers from severe depression. [Doc. No. 216, p.3; Doc. No. 222, p.7]. [1]

On July 21, 2020, the United States filed a response in opposition [Doc. No. 220] to Hernandez's Motion for Compassionate Release [Doc. No. 216].[2] The United States asserts that, because Hernandez has not exhausted his administrative remedies, this Court must dismiss his motion.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Consistent with that principle of finality, 18 U.S.C. § 3582(c) provides that a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence, under 18 U.S.C. § 3582(c)(1)(A), such as that presented by Hernandez; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," under 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, under 18 U.S.C. § 3582(c)(2). At least in the context of relief under § 3582(c)(2), which allows a sentence reduction based upon a retroactive guideline amendment, the Fifth Circuit has recognized the prerequisites are jurisdictional. *See United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010) ("The first question is whether the district court had jurisdiction to reduce [the defendant's] sentence at all.").

Relevant here, under § 3582(c)(1)(A), a court may reduce a term of imprisonment upon finding "extraordinary and compelling circumstances," consistent with guideline policy

---

[1] In his July 21, 2020 motion [Doc. No. 222], Hernandez additionally asserts that the issues he raised in his previous *habeas* motions pertaining to "predicate burglaries to charges of violence, stacking, and *Rehaif*" which the Court has ruled on and denied [Doc. Nos. 213, 214] "are legal reasons which create a compelling and extraordinary reason" to consider his request. [*Id*, p. 8]. The Court does not find those issues to be relevant or helpful with regard to the issue of compassionate release.

[2] Because the issues are the same, the Court can rule on both motions without requesting the United States to file a response to the second motion.

statements. Under the statute as amended by the First Step Act, the Court may act "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has *fully exhausted all administrative rights* to appeal a failure of BOP in bringing a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*. (emphasis added). The defendant bears the burden of demonstrating he complied with § 3582(c)(1)(A)'s statutory requirements. *United States v. Van Sickle*, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (collecting cases).

The requirement that an inmate first exhaust his administrative remedies within the BOP is jurisdictional. *See Garcia*, 606 F.3d at 212 n.5; *see also United States v. Raia,* 954 F.3d 594 (3d Cir. 2020) (characterizing the defendant's failure to exhaust administrative remedies as "a glaring roadblock foreclosing compassionate release at this point"); *United States v. Johnson*, No. RDB-14-0441, 2020 WL 1663360, at *3–6 (D. Md. Apr. 3, 2020) (concluding in a lengthy discussion that § 3582(c)(1)(A)'s exhaustion requirement is jurisdictional and not subject to any exceptions); *United States v. Eberhart*, No. 13-cr-00313, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) (holding, in a case involving a compassionate release motion based on COVID-19 concerns, "[b]ecause defendant has not satisfied the exhaustion requirement, the court lacks authority to grant relief under § 3582(c)(1)(A)(i)").

At the very least, the exhaustion requirement is a mandatory claims-processing rule that must be enforced where, as here, it is invoked by the United *States. See Eberhart v. United States,* 546 U.S. 12, 18-19 (2005) (holding that Fed. R. Crim. P. 33, which permits a defendant to move for a new trial within 14 days of the verdict, is a non-jurisdictional but mandatory claim-processing rule that "assure[s] relief to a party properly raising [it]"); *United States v. Pesina-Rodriguez*, 825

F.3d 787, 788 (5th Cir. 2016) ("Although not jurisdictional, the time limits in Rule 4(b)(1)(A) [for filing a notice of direct appeal in a criminal case] are mandatory claims-processing rules.").

The Supreme Court has recently reaffirmed the principle that a district court may not ignore a statutory command such as that included in § 3582(c)(1)(A). In *Ross v. Blake*, 136 S. Ct. 1850 (2016), the Court rejected a judicially created "special circumstances" exception to the exhaustion requirement stated in the Prison Litigation Reform Act of 1995 ("PLRA"). That Act mandates that an inmate must exhaust "such administrative remedies as are available" before bringing suit to challenge prison conditions. 42 U.S.C. § 1997e(a). Rejecting the "freewheeling approach" adopted by some courts of appeals, under which some prisoners were permitted to pursue PLRA claims even when they had failed to exhaust available administrative remedies, *Ross*, 136 S. Ct. at 1855, the Court demanded fidelity to the statutory text, explaining that the "mandatory language" of the exhaustion requirement "means a court may not excuse a failure to exhaust" even to accommodate exceptional circumstances. *Id*. at 1856. The Court further noted that "judge-made exhaustion doctrines, even if flatly stated at first, remain amenable to judge-made exceptions," a statutory exhaustion provision "stands on a different footing." *Id*. at 1857. That is because "Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to." *Id*.

And in the light of *Ross*, there is no merit to any suggestion that failure to exhaust can be overlooked based on an assertion that doing so would be futile, or current circumstances justify its waiver, as § 3582(c)(1)(A)'s statutory exhaustion requirement cannot be excused. *Compare Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019) (addressing futility in the context of a judicially created exhaustion requirement) *with United States v. Koons*, 2020 WL 1940570 (W.D. La. Apr. 21, 2020) (in reliance on *Ross* and other Supreme Court decisions, concluding "the Court has no power to waive the exhaustion requirement").

The United States shows that the BOP conducts an extensive assessment for such requests, and it is in the best position to do so. *See* 28 C.F.R. § 571.62(a); BOP Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g).[3] As those procedures reflect, the BOP completes a diligent and thorough review, applying its considerable expertise concerning both the inmate and the conditions of confinement.

While some inmates, in spite of BOP's best efforts to establish and implement anti-COVID-19 protocols, have become ill or succumbed to the virus, the solution is not to exclude BOP from reviewing applications for compassionate release. There are many challenging factors to consider during this unprecedented pandemic, and BOP is uniquely situated and qualified to assess those factors during the statutorily required 30-day review period.[4]

Accordingly, consistent with the First Step Act, Hernandez must first present his request to the BOP, permitting it to evaluate his current circumstances in light of the coronavirus concerns. He cannot petition for judicial relief until, as the statute explicitly provides, the BOP denies the request or 30 days have passed after presentation of the request to the warden, whichever is earlier. Because Hernandez has not yet exhausted administrative remedies, this Court must dismiss his motions for lack of jurisdiction. *See, e.g., Raia,* 954 F.3d at 597; *United States v. Koons*, No. 16-cr-214, 2020 WL 1940570 (W.D. La. Apr. 21, 2020) ("The Court's finding that, absent exhaustion, it lacks jurisdiction to proceed with this motion is in accord with other Louisiana federal district

---

[3] Available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf.
[4] For example, notwithstanding the current pandemic crisis, BOP must carry out its charge to incarcerate sentenced criminals to protect the public. It must consider the effect of a mass release on the safety and health of both the inmate population and the citizenry. It must marshal its resources to care for inmates in the most efficient and beneficial manner possible. It must assess release plans, which are essential to ensure that a defendant has a safe place to live and access to health care in these difficult times. And it must consider myriad other factors, including the availability of transportation for inmates (at a time when interstate transportation services often used by released inmates are providing reduced, if any, service), and of supervision of inmates once released (at a time when the Probation Office has necessarily cut back on home visits and supervision).

courts, as well as myriad district courts around the nation who have concluded that the First Step Act exhaustion requirements are mandatory and cannot be waived by the courts.") (collecting cases); *United States v. Cain,* No. 17-CR-00204, p. 4 (W.D. La. Apr. 8, 2020) ("The COVID-19 situation as it exists in the prison system does not, without more, establish that it is appropriate for the Court to accede to [the defendant's] request to jump over the procedure provided in the law on compassionate release. There is nothing extraordinary or compelling that convinces the court to ignore the requirement that [the defendant] first make his request to the Warden of the facility.").

Thus, Hernandez's motions for compassionate release must be dismissed for lack of jurisdiction, as he has not yet exhausted his administrative remedies

Accordingly,

**IT IS ORDERED** that Hernandez's motions [Doc. Nos. 216 and 222] are **DENIED** at this time, subject to re-urging if Hernandez exhausts his administrative remedies as set forth in the statute.

MONROE, LOUISIANA, this 23rd day of July, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE