UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CASE NO. 6:97-CR-60039-01** |
| | * | |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| | | |
| **MANUEL DAVID HERNANDEZ** | * | **MAG. JUDGE WHITEHURST** |

**MEMORANDUM RULING**

Pending before the Court is Defendant Manuel David Hernandez's ("Hernandez") Re-Urged Motion for Compassionate Release [Doc. No. 225]. To the Motion, the USA filed its Response [Doc. No. 228]. For the reasons set forth herein, Hernandez's Motion for Compassionate Release [Doc. No. 225] is DENIED.

**I.    BACKGROUND**

On February 5, 1998, a federal trial jury convicted Hernandez on all counts of a nine-count indictment charging him with armed robbery (3 counts), felony possession of a firearm (3 counts) and use of a firearm during commission of a violent crime (3 counts). On August 14, 1998, the district court sentenced Hernandez to a period of 867 months of imprisonment. This sentence is currently set to expire on August 25, 2060. Therefore, Hernandez has served approximately 276 months, or 32% of his sentence.

On July 13, 2020, Hernandez filed a Motion for Compassionate Release [Doc. No. 216], alleging he had bi-polar disorder, hypertension, hepatitis-C, astigmatism and severe depression, which allegedly makes him particularly vulnerable to becoming seriously ill from the COVID-19 virus. To the original motion, the USA filed its response [Doc. No. 220]. On July 23, 2020,

Hernandez's Motion for Compassionate Release was denied for failure to exhaust administrative remedies [Doc. No. 223].

On September 1, 2020, Hernandez filed a Re-Urged Motion for Compassionate Release [Doc. No. 225]. In his motion, Hernandez asked for immediate release based on the alleged recommendation of the Warden of United States Penitentiary Florence-High Colorado ("Florence-High"). Hernandez attached Form BP-229(13) in which he purportedly made a request for compassionate release on July 29, 2020 – (Part A). The July 29, 2020 form also attached a Part-B response, supposedly from J.A. Barnhart, Warden which stated, in pertinent part, as follows:

> "After reviewing the supporting documentation of your extensive medical file, mental health records and deteriorating physical and mental health due to your aging process that has presently diminished your ability to provide self-care in the event of a COVID-19 outbreak within this federal prison environment and since you have hypertension, hepatitis-C, you would not recover. Emergency conditions are materially affecting the functioning of U.S.P. Florence-High. Due to your excellent institutional adjustment, plus extensive educational programming, it is hereby at this juncture, my honor to hereby give in your behalf a 'recommendation' of your 'immediate release' to the Honorable Terry A. Doughty to issue immediately a Release Order from further incarceration in the care, custody, control of the F.B.O.P., and release you into a safer environment away from the possibility of you contracting COVID-19, perhaps succumbing to death. You, Mr. Hernandez, deserve to be released since you have served a harsh, disparate sentence of 23½ years. It is my true belief that you are prepared to Re-Enter society at this time. Best wishes, I am cordially, J.A. Barnhart, Warden".

The purported response of the Warden was dated August 21, 2020.

The Court entered a Minute Entry [Doc. No. 226] requiring a response by the USA. On September 17, 2020 the USA filed its Response [Doc. No. 228] objecting to Hernandez's Re-Urged Motion for Compassionate Release. The response also verified that Warden Barnhart's response was fabricated.

## II. JURISDICTION

The First Step Act, 18 U.S.C. § 3852(c)(1)(A), now allows prisoners to directly petition courts for compassionate release. However, before filing a motion with the court, prisoners must exhaust their administrative remedies with the Bureau of Prisons ("BOP").

On July 31, 2020, the office of the Warden received Hernandez's inmates initial request. The Warden denied Hernandez's request on August 21, 2020 (see Government Exhibit "1"). Therefore, Hernandez has exhausted his administrative remedies and this Court has jurisdiction to proceed with Hernandez's Motion.

## III. PARTIES ARGUMENTS

Hernandez maintains that due to bi-polar disorder, hypertension, hepatitis-C, astigmatism and severe depression, he is particularly vulnerable to becoming seriously ill from the COVID-19 virus, should he contract it. Additionally, he maintains that Warden J.A. Barnhart is recommending his immediate release.

The Government maintains that Hernandez is not entitled to compassionate release. The Government maintains Hernandez has not established an "extraordinary and compelling reason" for release and has not demonstrated he is not a danger to the safety of any other person of his community and/or that his release is consistent with the factors in 18 U.S.C. § 3553(a). Additionally, the USA maintains that Hernandez's Re-Urged Motion for Compassionate Release should be DENIED on the basis of his fabricating the Warden's response.

## IV. LAW AND ANALYSIS

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825(2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been

imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18U.S.C. § 3582(c)(1)(A); (2)"to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. §3582(c)(2). Hernandez moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. The First Step Act, § 3852(c)(1)(A), now allows prisoners to directly petition courts for compassionate release, upon exhausting their administrative remedies.

After a prisoner exhausts his administrative remedies, a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."18 U.S.C. § 3852(c)(1)(A)(i).

A.  **Extraordinary and Compelling Circumstances**

The Sentencing Commission's policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18U.S.C. §3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)  extraordinary and compelling reasons warrant the reduction;. . .
>
> (2)  the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

   (3) the reduction is consistent with this policy statement.

U.S.S.G.§1B1.13.

  In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling" as well as one broader provision for reasons deemed "extraordinary and compelling":

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

 (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end stage organ disease, and advanced dementia

 (ii) The defendant is—

  (I) suffering from a serious physical or medical condition,

  (II) suffering from a serious functional or cognitive impairment, or

  (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

 (B) Age of the Defendant.— The defendant

(i) is at least 65 years old;

(ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and

(iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.

       (i)      The death or incapacitation of the caregiver of the defendant's minor child or minor children.

       (ii)     The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)    Other Reasons.

       As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13cmt. n. 1.

The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release.")(citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

**B.    Analysis**

The only "extraordinary and compelling reason" cited by Hernandez is his medical condition (bi-polar disorder, hypertension, hepatitis-C, astigmatism and severe depression). This Court finds that Hernandez has failed to meet his burden that extraordinary and compelling reasons exist under 18 U.S.C. § 3582(c)(1)(A) to modify his prison sentence. The statute requires that extraordinary and compelling reasons that warrant a reduction are "consistent with applicable policy statements issued by the Sentencing Commission," and Hernandez does not meet the criteria set forth in the policy statement.

1. **Medical Condition**

In his request, Hernandez maintains his medical conditions are bi-polar disorder, hypertension, hepatitis-C, astigmatism and severe depression. Title 18,United States Code, Section 3582(c)(1)(A) requires that extraordinary and compelling reasons that warrant a reduction are "consistent with applicable policy statements issued by the Sentencing Commission." This Court finds that Hernandez's medical issues are not consistent with extraordinary or compelling circumstances as provided by the policy statement and its commentary. Hernandez does not suffer from a terminal illness. While he has presented some medical records, they do not prove that he is suffering from a serious physical or medical condition. Finally, he has not shown that he has a serious functional or cognitive impairment, or, deteriorating physical or mental health because of the aging process that "substantially diminishes the ability of the defendant to provide self-care within the...correctional facility." *Id*. at cmt. n.1(A)(ii)(I-III). As such, his alleged medical issues do not meet the extraordinary and compelling standard as set by the policy statement. See *United States v. Roberts*, Crim. Action No. 15-00135-01, 2020 WL 2130999, at *3 (W.D. La. May 5, 2020) ("[Inmate's] proffered reason of hypertension fails to meet the standard for compassionate release based upon medical condition of the defendant.").

2. **Risk of COVID-19**

Does the risk of Covid-19 change Hernandez's medical assessment? This Court finds it does not.

Courts have consistently held that "[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence...." *United States v. Clark*, Crim. Action No. 17-85-SDD-RLB, 2020 WL 1557397, at *6 (M.D. La. April 1, 2020). See also *United States v. Raia*, 954 F3d 594, 597(3d Cir. 2020) (holding that the

spread of COVID-19 alone "cannot independently justify compassionate release, especially considering the BOP's role, and its extensive and professional efforts to curtail the virus's spread); *Mazur*, Crim. Action No. 18-68 at *1, 3-4 (holding that extraordinary and compelling reasons to grant compassionate release were not present for a prisoner diagnosed with myeloid leukemia and hypertension despite twenty-five percent of the inmate population testing positive for COVID-19). Therefore, the Court finds that the Defendant has failed to meet his burden that the conditions at Florence-High and the potential exposure to COVID-19 present extraordinary and compelling circumstances according to 18 U.S.C. § 3582(c)(1)(A).

At this point, Hernandez has only "general concerns" about possible exposure to COVID-19, and he is not entitled to compassionate release for this reason alone.

      **C.**      **Danger to the Community and 18 U.S.C. § 3553(A) Factors.**

Moreover, even if Hernandez were to meet his burden based on his medical condition, the Court must also consider whether he remains a danger to the community.

The Court must consider whether a prisoner remains a danger to the community before granting compassionate release, as required by U.S.S.G. § 1B1.12(2), which refers to 18 U.S.C.§3142(g). Furthermore, 18 U.S.C. § 3582 and the policy statement require the Court to consider the sentencing factors set forth in 18 U.S.C. §3553(a). Section 3142(g) sets out the factors courts must consider in deciding whether to release a defendant pending trial. The factors weighing a petitioner's danger to the community include "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, ... community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any

8

person or the community that would be posed by the person's release." Similarly, § 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant; [and]

(2)  the need for the sentence imposed –

   A.  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   B.  to afford adequate deterrence to criminal conduct;[and]

   C.  to protect the public from further crimes of the defendant; ...

Hernandez has not demonstrated he will not pose a danger to the community if released, or that his release comports with the applicable § 3553(a) factors. As noted previously, Hernandez was convicted on a nine-count indictment charging him with armed robbery (3 counts), felony possession of a firearm (3 counts) and use of a firearm during commission of a violent crime (3 counts). Additionally, Hernandez qualified as an "armed career criminal", has a prior criminal history of two additional armed robbery convictions, and, he has one conviction where he plead guilty to one count of 21 residential burglaries he committed between February 2, 1990 and February 27, 1990. Hernandez certainly has not demonstrated he would not pose a danger to the community if released.

Hernandez has served only 276 months of his 867 months of imprisonment, or approximately 32%. To reduce Hernandez 867- month sentence to 276 months would not reflect the seriousness of the offense, would not promote respect for the law, would not afford an adequate deterrence to criminal conduct, and would not protect the public from further crimes of the defendant. Considering the 18 U.S.C. § 3533(a) factors, along with the factors in 18 U.S.C. §

9

3142(g), Hernandez is not entitled to compassionate release. His Re-Urged Motion for Compassionate Release is DENIED.

### D. Bureau of Prisons Form BP-229(13)

Although this Court finds that Hernandez is not entitled to compassionate release, this Court felt it necessary to address the fabrication by Hernandez of Bureau of Prisons Form BP-229(13). By submitting and attaching this document to his Re-Urged Motion for Compassionate Release, Hernandez has attempted to commit a fraud upon this Court in order to secure release. By committing another crime in order to secure release, Hernandez has proven to this Court that he would still be a danger to the community if released.

It wasn't even a good attempt at fraud. The handwriting on the top part of the form (Part A) was obviously the same handwriting (represented to be written by Warden Barnhart) on the bottom part of the form (Part B). Also, the "flowering" language used in Part B made it obvious this was not Warden Barnhart's response. Hernandez is not deserving of being considered for compassionate release.

### V. CONCLUSION

For the above reasons, Manuel David Hernandez's Re-Urged Motion for Compassionate Release [Doc. No. 225] is DENIED.

MONROE, LOUISIANA this 21st day of September, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE