UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CASE NO. 6:97-CR-60039-01** |
| | * | |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **MANUEL DAVID HERNANDEZ** | * | **MAG. JUDGE WHITEHURST** |

**MEMORANDUM ORDER**

Before the Court is a Motion to Reduce Sentence [Doc. No. 245] and an Amended Motion to Reduce Sentence [Doc. No. 262] filed by Defendant Manuel David Hernandez ("Hernandez"). An Opposition [Doc. No. 268] was filed by the United States of America ("the Government").

For the reasons set forth herein, Hernandez's Motion to Reduce Sentence and Amended Motion to Reduce Sentence are **DENIED**.

**I.     BACKGROUND**

On February 5, 1998, a jury found Hernandez guilty on all counts of a nine-count indictment which charged Hernandez with three counts of armed robbery 18 U.S.C. § 1951, three counts of felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and three counts of use of a firearm during the commission of a violent crime, 18 U.S.C. § 924(c).[1] On August 14, 1998, Hernandez was sentenced to 867 months imprisonment.[2]

Hernandez has filed several motions for compassionate release throughout his imprisonment. In the pending Motions, Hernandez argues that he is entitled to a sentence reduction

---

[1] [Doc. No. 63].
[2] [Doc. No. 70].

because he received an unusually long sentence based upon charges which has been subject to a change in the law, and because of deteriorating mental health.[3]

## II.     STANDARD OF REVIEW

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010). Title 18 U.S.C. § 3582(c) provides that a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). The first circumstance applies here.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a term of imprisonment upon finding "extraordinary and compelling circumstances" consistent with guideline policy statements (compassionate release). A prisoner seeking compassionate release under section § 3582(c)(1)(A) must show that (1) "extraordinary and compelling reasons" justify the reduction of his sentence; (2) the reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022).

On November 1, 2023, the United States Sentencing Commission issued an amended policy statement setting forth circumstances that constitute extraordinary and compelling reasons for purposes of § 3582(c)(1)(A). Section 1B1.13(b), as amended, identified six categories of circumstances that may qualify as "extraordinary and compelling." These categories are: (1) the

---

[3] [Doc. Nos. 245, 262].

medical circumstances of the defendant; (2) the age of the defendant; (3) the family circumstances of the defendant; (4) whether the defendant was a victim of abuse while in custody; (5) other reasons similar in gravity to those previously described; and (6) an unusually long sentence.

Hernandez seeks a reduction of sentence based upon an unusually long sentence and based upon deteriorating mental health.

### III. LEGAL ANALYSIS

#### A. Unusually Long Sentence

"If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." U.S.S.G § 1B1.13(b)(6).

However, a defendant may not use non-retroactive changes in criminal law to support a compassionate release motion, because such changes are neither extraordinary nor compelling. *United States v. McMaryion*, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023). A non-retroactive change in the law affects every prisoner previously sentenced under that provision in the exact same way and therefore is not an extraordinary or compelling reason to reduce a prisoner's sentence. *United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025); *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023).

Here, Hernandez has alleged a non-retroactive change in the law. This change only applies prospectively and thus, not retroactively. Therefore, this change does not support his motion and cannot be used in arguing for reduction here.

### B. Deteriorating Mental Health

Hernandez alleged "deteriorating mental health" in his Amended Motion to Reduce Sentence.[4] Comments to U.S.S.G. 1 B1.13(b)(1)(B)(3) describe the circumstances in which a medical condition might be sufficiently serious to warrant release. Comment n.1(A). Deteriorating mental health is one of the circumstances. However, the deteriorating mental health must be "due to the aging process." U.S.S.G § 1B1.13(b)(1)(B)(iii).

Hernandez alleges he has extreme mental anguish due to his diagnosis of gender dysmorphia, a trauma-related disorder, and depressive disorder. However, none of these conditions are alleged to be due to the aging process, and thus, they are not grounds for compassionate release.

### C. 18 U.S.C. § 3553(a) Factors

In a motion for compassionate release, a defendant must also demonstrate the defendant is not a danger to the safety of any other person or to the community,[5] or that the release is appropriate in light of the 18 U.S.C. § 3553(a) factors.[6] In addition to the nine counts Hernandez was convicted of in the instant offense, Hernandez had an extensive criminal record, which includes two prior armed robbery convictions, and one conviction for twenty-one (21) residential burglaries committed between February 2, 1990, and December 27, 1990.[7]

Therefore, Hernandez has a total of five (5) armed robbery convictions, three (3) counts of the use of a firearm in the commission of violent crimes, and one conviction for twenty-one

---

[4] [Doc. No. 262].
[5] 18 U.S.C. § 3142(g).
[6] 18 U.S.C. § 3582(c)(1)(A).
[7] [Doc. No. 234, pp. 20-21].

residential burglaries. Additionally, as of January 31, 2024, Hernandez had been disciplined by Bureau of Prisons forty-three (43) times.[8]

Further, Hernandez previously filed false documents purporting to be authored by the warden at USP-Florence, which asked for Hernandez to be released.[9] Therefore, based upon Hernandez's criminal history and the filing of false documents, Hernandez is not entitled to compassionate release.

### IV.     CONCLUSION

For the reasons set forth herein,

Hernandez's Motion to Reduce Sentence [Doc. No. 245] and Amended Motion to Reduce Sentence [Doc. No. 262] are **DENIED**.

MONROE, LOUISIANA this 27th day of May 2025.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**

---

[8] [Doc. No. 234, p. 4] and [Doc. No.240].
[9] [Doc. No. 229, p.2].