UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:97-CR-60039-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **MANUEL DAVID HERNANDEZ (01)** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**MEMORANDUM ORDER**

Before the Court is a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Defendant Manuel David Hernandez ("Hernandez") [Doc. No. 271]. The United States of America ("the Government") filed an Opposition [Doc. No. 274]. No Reply was filed.

For the reasons stated below, Hernandez's Motion is **DENIED**.

## I. BACKGROUND

On February 5, 1998, after a four-day trial, Hernandez was found guilty on all counts of a nine-count Indictment which charged Hernandez with three counts of armed robbery, three counts of felon in possession of a firearm, and three counts of use of a firearm during the commission of a violent crime.[1] On August 14, 1998, as a result of those crimes, Hernandez was sentenced to 867 months imprisonment.[2] The United States Court of Appeals for the Fifth Circuit affirmed the convictions,[3] and Hernandez has filed a host of motions since his conviction was affirmed.

---

[1] [Doc. Nos. 1, 3].
[2] [Doc. Nos. 137, 143, 147].
[3] [Doc. No. 94].

On March 12, 2001, Hernandez filed his first motion to vacate under 28 U.S.C. § 2255 and it was denied on August 8, 2002.[4] Hernandez's subsequent requests for certificates of appealability were also denied.[5]

On January 20, 2002,[6] Hernandez filed two motions to correct his sentence based upon newly discovered evidence, and followed up on February 27, 2002, with a motion to modify sentence.[7] On July 5, 2016, Hernandez filed his second motion to vacate under 28 U.S.C. § 2255.[8] On August 2, 2016, Hernandez filed his third § 2255 motion.[9]

On August 12, 2016, the United States Court of Appeals for the Fifth Circuit granted Hernandez authorization to file a successive § 2255 motion only as to he claim that his sentence was unlawfully enhanced under the ACCA based on his prior Illinois conviction for robbery and burglary.[10]

On July 18, 2019, Hernandez filed a *pro se* motion, which was entitled a "Motion for Resentencing under 28 U.S.C. § 2255 and Civil R. 60(b)(b)."[11] On July 23, 2019, Hernandez filed another *pro se* motion which referenced the First Step Act but was on the standard form used for the filing of motions to vacate, set aside or correct sentence under 28 U.S.C. § 2255.[12] The third motion, filed on July 29, 2019, is described as a "Motion to Reduce Sentence under the First Step Act."[13] This Court denied all three motions on February 27, 2020.[14]

---

[4] [Doc. No. 132].
[5] [Doc. Nos. 137, 143, 147].
[6] [Doc. No. 101].
[7] [Doc. No. Doc. Nos. 116, 117]
[8] [Doc. No. 166].
[9] [Doc. No. 157].
[10] [Doc. No. 165].
[11] [Doc. No. 182].
[12] [Doc. No. 189].
[13] [Doc. No. 190].
[14] [Doc. No. 213].

Hernandez filed another motion to reduce sentence on July 22, 2024, and an amended motion to reduce sentence on February 3, 2025.[15] Both motions were denied on May 27, 2025.[16]

Now Hernandez seeks to reassert the Motion to Vacate under 28 USC § 2255. In the Motion, Hernandez asks the Court to vacate his sentence because it is a "highly unconstitutional" sentence and violates the Fifth and Sixth Amendment of the Constitution, the Government omitted "important and crucial facts and elements" at trial and at the sentencing, *Erlinger* supports his motion, and ineffective assistance of counsel.[17]

The issues have been briefed, and the Court is prepared to rule.

## II.   LAW AND ANALYSIS

A § 2255 motion is the primary means of collaterally attacking a federal sentence. *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). The statute provides a prisoner with four grounds upon which he may seek relief from his sentence: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) that the Court lacked jurisdiction to impose such sentence; (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

A defendant is generally permitted only *one* motion under § 2255 and may not file successive motions without first obtaining authorization from the appropriate Court of Appeals. 28 U.S.C. §2255(h) (emphasis added). The defendant must obtain a certificate from the United States Court of Appeals for the Fifth Circuit if the defendant wishes to file a successive § 2255 motion. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

---

[15] [Doc. Nos. 245, 262].
[16] [Doc. No. 269].
[17] [Doc. No. 271].

Although Defendant cites cases such as *Erlinger* in support of his argument that his sentence should be vacated, those authorities cannot be considered because Hernandez filed a successive § 2255 motion without first obtaining authorization from the Fifth Circuit. Accordingly, his Motion cannot be considered at this time and is therefore **DENIED**.

### III.   CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Hernandez's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 271] is **DENIED**.

MONROE, LOUISIANA, this 2nd day of July, 2025.

_____
Terry A. Doughty
United States District Judge